UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0173-CVE-FHM |
| | ) | |
| FREDERICK DURRELL GREEN, | ) | |
| a/k/a "Frederick Dorrell Green," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are the Appeal of the Magistrate Judge's Order (Dkt. # 14) and Motion for Revocation of Release Order and Memorandum in Support (Dkt. # 17) filed by the United States of America. The United States moves to have the magistrate judge's order releasing defendant reversed and a detention hearing held.

**I.**

Defendant, Frederick Durrell Green, is charged with violation of 18 U.S.C. § 922(g)(1), which prohibits, generally, possession of a firearm or ammunition by any individual convicted of a felony in any court. 18 U.S.C. § 922 (g)(1). The United States seeks a detention hearing on the ground that the charge against defendant constitutes a "crime of violence," as defined by the Bail Reform Act, 18 U.S.C. §§ 3141-3156. Defendant objects. After accepting briefing from the parties on the issue, United States Magistrate Judge Frank H. McCarthy issued an order (Dkt. # 13), holding that the crime charged is not a crime of violence under the Bail Reform Act and denying the United States's request for detention hearing. The United States appeals that determination. This Court's

review of the magistrate judge's order is de novo.  United States v. Trammel, 922 F. Supp. 527, 529 (N.D. Okla. 1995).

## II.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  United States v. Salerno, 481 U.S. 739, 755 (1987).  The Bail Reform Act restricts the government's ability to effect pretrial detention of an accused individual to certain statutorily defined circumstances.  Among the grounds on which a detention hearing may be granted is a claim by the United States that defendant stands charged with a "crime of violence."  18 U.S.C. § 3142(f)(1)(A).[1]  Section 3156 defines a "crime of violence:"

> (4) the term "crime of violence" means –
>   (A) an offense that has an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another;
>   (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or[2]
>   (C) any felony under chapter 109A, 110, or 117; . . .

18 U.S.C. § 3156(a)(4)(A)-(C).  If the offense comes within the definition of a crime of violence, the Act commands a hearing, and the person will be detained if the court finds him too dangerous to be released on any precautionary conditions.  On the other hand, if the offense does not fall within the definition, no detention hearing will be held and the person must be released, no matter how likely it is that he will do violence.  United States v. Dillard, 214 F.3d 88, 89 (2d Cir. 2000).

---

[1] The parties seem to agree that no other statutory grounds for detention hearing apply to this case.

[2] These first two prongs of the definition mirror the definition of "crime of violence" contained in 18 U.S.C. § 16.

2

The magistrate judge's order accurately recounts the existing conflicting appellate authority on the question of whether a defendant charged under 18 U.S.C. § 922(g)(1) is charged with committing a crime of violence, thereby making him subject to a detention hearing under the Bail Reform Act. Five circuit courts of appeals have concluded that a violation of 18 U.S.C. § 922(g)(1), commonly referred to as "felon-in-possession," is not a crime of violence under the detention statute. See, e.g., United States v. Johnson, 399 F.3d 1297, 1301 (11th Cir. 2005); United States v. Twine, 344 F.3d 987, 988 (9th Cir. 2003); United States v. Lane, 252 F.3d 905, 908 (7th Cir. 2001); United States v. Singleton, 182 F.3d 7, 16 (D.C. Cir. 1999); United States v. Hardon, 1998 WL 320945, at *1 (6th Cir. 1998). Of the appellate courts to rule on the issue, the Second Circuit alone has held that the crime of felon-in-possession constitutes a crime of violence for the purposes of the Bail Reform Act. Dillard, 214 F.3d at 104.[3] Naturally, the parties argue vigorously in favor of the decisions of those courts supporting their respective views.

Unfortunately, our governing circuit has not confronted this precise issue. The closest case, cited by both parties, is United States v. Rogers, 371 F.3d 1225 (10th Cir. 2004). There, the Tenth Circuit held that possession of a firearm while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8), and possession of a firearm following a misdemeanor conviction of domestic violence, in violation of 18 U.S.C. § 922(g)(9), constitute crimes of violence under the terms of the Bail Reform Act. Id. at 1232. Since this Court must rule in a manner which is in accord with the law of this circuit, it necessarily begins with the Tenth Circuit's analysis in Rogers.

---

[3]   The district courts have also reached differing conclusions. One judge in this district has determined that the crime of possessing a firearm after conviction of a felony is not a crime of violence as defined by the Bail Reform Act. United States v. Morgan, 03-CR-00091-TCK (N.D. Okla. Aug. 20, 2003).

3

The Tenth Circuit's Rogers opinion adopts the Second Circuit's Dillard test for determining whether an offense constitutes a crime of violence as defined by the applicable statute. That test breaks the statutory definition of crime of violence contained in 18 U.S.C. § 3156 into five elements:

(i) The offense must be a felony;
(ii) the offense must involve a 'risk that physical force may be used against the person or property of another;'
(iii) that risk must result from the nature of the offense;
(iv) the risk must be that the use of physical force would occur 'in the course of the offense;' and
(v) the risk must be 'substantial.'

Rogers, 371 F.3d at 1228 n.4 (quoting Dillard, 214 F.3d at 92-93). Upon review of each element, the Tenth Circuit concluded that violation of sections 922(g)(8) and (g)(9) are crimes of violence for the purpose of the Bail Reform Act.

Defendant correctly observes that the Tenth Circuit's decision in Rogers turned substantially on the nature of the underlying prior felonies. The court noted, "A defendant whose background includes domestic violence which advances to either a criminal conviction or the imposition of a protective order has a demonstrated propensity for the use of physical violence against others." 371 F.3d at 1228-29. Moreover, the court took particular care not to engage the question of whether a violation of section 922(g)(1) would, likewise, constitute a crime of violence, mandating a detention hearing. Wrote the Tenth Circuit of existing precedent on the issue:

This court recognizes that Rogers asserts such a conclusion is completely at odds with the decision of the D.C. Circuit in United States v. Singleton . . . and the Seventh Circuit in United States v. Lane . . . . Contrary to Rogers' assertions, however, this conclusion is not completely inconsistent with Singleton and Lane. Singleton, Lane, and Dillard all involve the question whether 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, is a crime of violence under the definition set out in § 3156(a)(4)(B). . . . This case, on the other hand, focuses on whether § 922(g)(8) and (9) are crimes of violence. This differing context is key.

4

> In concluding that § 922(g)(1) is not a crime of violence under the terms of the Bail Reform Act, both Singleton and Lane conclude, inter alia, that § 922(g)(1) is not a crime of violence because the mere possession of a firearm by a convicted felon does not create a substantial risk that physical force will be used against the property or person of another. . . . In reaching this conclusion, both courts noted that large numbers of felonies involve economic, regulatory, or other crimes that do not entail physical violence at all. . . . Thus, both courts noted that although there might be some increased chance of violence flowing from the possession of a weapon by a felon, that risk could simply not be classified as substantial. . . .
>
> As set out at some length above, however, the underlying actions leading to the prohibitions in § 922(g)(8) and (9) necessarily involve actual violence or credible threats of violence. This distinction is key to this court's conclusion that possession of a firearm while subject to a domestic protection order and possession of a firearm following a misdemeanor conviction of domestic violence both involve a substantial risk, resulting from the nature of the offense, that physical force may be used against the person or property of another. This court recognizes that the calculus of risk and whether that risk results from the nature of the offense may well be different with regard to § 922(g)(1). We offer no opinion on that question, however, because it is not before the court. Instead, we limit our analysis to § 922(g)(8) and (9). Accordingly, read in context, this opinion is not necessarily inconsistent with the decisions in Singleton and Lane.

Rogers, 371 F.3d at 1229-30 (internal citations omitted).  Rogers, then, reserved for another day the question of whether violation of section 922(g)(1) constitutes a crime of violence under 18 U.S.C. § 3241(f)(1)(A).

As the United States points out, however, the Rogers court relied heavily on the Second Circuit's opinion in Dillard in reaching its conclusion as to sections 922(g)(8) and (g)(9).  Dillard directly confronts the question of whether the crime of felon-in-possession constitutes a crime of violence within the meaning of the Bail Reform Act.  After developing the five-prong test outlined above, and upon a careful review of the legislative history of the detention statute at issue, the Second Circuit held that an individual convicted of a felony who later possesses a firearm in violation of 18 U.S.C. § 922(g)(1) has committed a crime of violence under the Bail Reform Act. In so holding, the Second Circuit opinion commits substantial attention to a critique of Singleton,

wherein the D.C. Circuit found the offense of felony-in-possession not to be a crime of violence requiring a detention hearing.[4]

This Court has reviewed all of the existing appellate court opinions on the issue and finds at least two reasons to accept Dillard as its guiding precedent, despite its minority status. First, it is, by far, the most well-reasoned and thoroughly researched opinion on the issue. Second, and most significantly, the Tenth Circuit's Rogers opinion embraces the analysis of Dillard in certain material respects. The Tenth Circuit in Rogers adopts the five-part test developed by the Second Circuit in Dillard. Rogers, 371 F.3d at 1228 n.4. This is no small thing, since the correctness of that formulation is in dispute, as evidenced by the sharp dissent in Dillard and the magistrate judge's order in this case. Moreover, the Rogers opinion, as discussed below, approves of the reasoning of Dillard as to the meaning of "in the course of the offense" and expressly rejects the analysis of both the Seventh and D.C. Circuits. Id. at 1230 n.6. Dillard, then, is a useful reference as to the possible view of the Tenth Circuit on the issue at bar, and this Court considers the issue and the propriety of the magistrate judge's order in light of the framework developed in Dillard and cited in Rogers.

Defendant does not challenge the government's position that the first two elements of the Dillard test are met. Defendant's Objection to Government's Motion for Revocation of Release Order and Brief in Support (Dkt. # 18), at 3. He concedes that the crime with which he is charged is a felony and that it involves a risk that physical force may be used against the person or property of another. At issue are the remaining three elements.

---

[4] Dillard preceded a wave of countervailing authority from its sister circuits. See Johnson, 399 F.3d 1297 (Eleventh Circuit); Twine, 344 F.3d 987 (Ninth Circuit); Lane, 252 F.3d 905 (Seventh Circuit); Hardon, 1998 WL 320945 (Sixth Circuit). Having read Dillard, this Court has serious doubts that the existence of such authority would have changed the Dillard decision.

**A.**

Defendant contends that the crime of felon-in-possession is not a crime that "by its nature" creates a risk of physical harm against the property or person of another. Under the so-called "categorical approach" endorsed by the Tenth Circuit and most other courts, "the possibility of force must result from the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime." Rogers, 371 F.3d at 1225. That is, this Court must consider the question of whether a felon in possession of a firearm, in the abstract, creates a risk that physical force may be used against the person or property of another.

Defendant argues that none of the elements of the crime of felon-in-possession necessarily creates a risk of force against another. The Court disagrees. The first, and principal, element necessary for conviction is knowing possession of a firearm. It is incontrovertible that firearms are agents of violent force. "Possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence." Id. at 1228. Whether a felon is violent or non-violent, he or she has demonstrated a willingness to act in contravention of the law. This Court determines that the possession of a firearm by such an individual, by its nature, creates a risk that physical force will be used against another's person or property.

Defendant further submits that because the possession prohibited by section 922(g)(1) can take any number of forms, including admittedly innocuous forms, the offense of felon-in-possession cannot be considered to be a crime that, by its nature, creates a risk of violent physical force against another. The categorical approach requires that a court consider the offense in question in its "generic sense," id. at 1229 n.4, and provides no room for consideration of the method by which a given defendant allegedly violated the statute. For the reasons outlined above, namely, that the

possession of a well-recognized dangerous instrumentality by an individual who has committed a crime serious enough to be classified as a felony is a crime that, by its nature, creates a risk of violence, the Court rejects this argument.

**B.**

As to the fourth element, that the "risk must be that the use of physical force would occur in the course of the offense," the Tenth Circuit in <u>Rogers</u> found "quite persuasive," 371 F.3d at 1230, <u>Dillard</u>'s analysis regarding the meaning of "in the course of the offense." The Second Circuit in <u>Dillard</u> reasoned:

> If one uses a gun in an act of violence, that violence necessarily occurs during the possession of the gun. Whether the person has possession of the gun only for a few seconds – the seconds during which it is used for violent purposes – or has possession for years, but uses it violently only for a few seconds, the violence use in either case necessarily occurs during – or in the course of – the possession. If that possession is illegal because the possessor is a convicted felon who is forbidden from possessing a gun, the violent use will inevitably have occurred in the course of the commission of the offense of illegal possession. In short, if the words of the Act carry their normal meanings, possession of a gun by its nature gives rise to a risk of its use in violence; if that violent use occurs, it will occur in the course of the possession; if the possession is a criminal offense, the violence use will occur in the course of the criminal offense of possession.

213 F.3d at 93-94.

The magistrate judge's order criticizes the Second Circuit in <u>Dillard</u> for formulating an element which strays from the language of the statute. The magistrate judge notes that <u>Dillard</u> utilizes the phrase: "the risk must be that the use of physical force would occur in the course of the offense . . .," <u>id.</u> at 93, while the statute requires that the risk arise "in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). While the magistrate judge's observation is literally true, this Court finds that "in the course of committing the offense" for the offense of felon-in-possession is the entire time of possession, which makes it synonymous with "in the course of the offense."

Further, the magistrate judge's critique is inconsistent with the Tenth Circuit's approval of the Dillard analysis and express rejection of the contrary view. Rogers, 371 F.3d at 1230 n.6 ("In this particular regard, this opinion is inconsistent with both Lane and Singleton. In concluding that [section] 922(g)(1) is not a crime of violence under the terms of the Bail Reform Act, both courts held that the possibility of violence flowing from the illegal possession of a firearm is too attenuated from the possession to make the possession crime violent. . . . On this question, we simply find the Second Circuit's contrary analysis in Dillard far more persuasive . . . and reject the analyses in Lane and Singleton in favor of the analysis in Dillard.") (internal citations omitted). The Court, accordingly, holds that any risk that inheres in a felon's illegal possession of a firearm exists over the duration of the possession of the firearm and arises in the course of the offense. See id. at 1232 n.7 ("[T]he crimes at issue here are ongoing; as long as the prohibited person possesses the weapon, he is in violation of [section] 922(g)(8) or (9).").

### C.

Finally, the Court considers the fifth element, whether the crime of felon-in-possession creates a "substantial risk." Without question, the possession of a gun creates a risk that the gun will be used against the person or property of another. That risk exists regardless of the possessor. See Dillard, 214 F.3d at 93 ("We think it undeniable that possession of a gun gives rise to *some* risk that the gun may be used in an act of violence.") (emphasis in original). The operative inquiry is whether that risk is substantial.

Individuals convicted of certain crimes -- violent drug offenses, rape, or burglary, for instance -- are easily identified as individuals whose possession of a firearm creates a substantial risk that violent use will occur as a result of that possession. Those individuals have demonstrated a

9

willingness to commit crimes that often entail, at the very least, threats of violence against others, if not the actual use of force. The Court has no trouble finding that those individuals pose a profound threat of violence to those around them, and that threat is magnified when those felons are equipped with firearms. See Rogers, 371 F.3d at 1228 ("A defendant whose background includes domestic violence which advances to either a criminal conviction or the imposition of a protection order has a demonstrated propensity for the use of physical violence against the others.").

There remains a class of convicted felons, however, even after excluding those exempt from the felon-in-possession prohibition,[5] whose underlying felony offenses do not necessarily permit such a ready assumption that their possession of a firearm creates a substantial risk of harm against the person or property of another. See Dillard, 214 F.3d at 101 ("We recognize that this is not a complete answer because, despite the exclusion, felonies under section 922(g)(1) do not include some characteristically non-violent offenses such as embezzlement and perhaps fraud."). It is the presence of these traditionally non-violent criminals within the coverage of section 922(g)(1) that raises the most serious questions for this Court regarding the classification of felon-in-possession as a crime of violence under the Bail Reform Act. Indeed, the courts of appeals holding that violation of section 922(g)(1) is not a crime of violence highlight this category of felons. See, e.g., Lane, 252 F.3d at 906 ("Most felonies after all are not violent . . . , and ex-felons have the same motives as lawful possessors of firearms to possess a firearm -- self defense, hunting, gun collecting, and target practice."); Singleton, 182 F.3d at 15 ("[N]ot all felons are potentially more violent than non-felons. Numerous felonies involve economic crimes or regulatory offenses which, while

---

[5]   The prohibition embodied in § 922(g)(1) does not include "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, . . . ." 18 U.S.C. § 921(a)(20)(A).

serious, do not entail a substantial risk of physical force."). Whether their inclusion necessarily precludes the classification of the offense as a crime of violence is at the heart of this question.

The broad coverage of 18 U.S.C. § 922(g)(1)--including both violent and non-violent felons -- probably makes the most correct answer to the question of whether commission of the offense constitutes a crime of violence not 'yes' or 'no,' but 'sometimes.' If the defendant in question has a record of violent felony offenses, his or her possession of a firearm in violation of section 922(g)(1) undeniably does create a substantial risk that physical force will be used against the person or property of another. If the defendant is a non-violent felon, that risk is likely either insubstantial or non-existent. But an answer is called for, and, again, the Court finds the Second Circuit's Dillard opinion most persuasive.

After reviewing the legislative history of the Bail Reform Act, the Second Circuit in Dillard acknowledged that the legislative history permits a dual reading, but nevertheless concluded that to construe the offense of possessing a firearm subsequent to a felony conviction as coming within the definition of crime of violence best promotes legislative purpose. 214 F.3d at 96-97. It determined that "had Congress explicitly focused on the issue it would have by far preferred the construction that subjects the felon illegally in possession to a detention hearing, following which he will be released if not found to be dangerous, than the construction that would mandate the release of all felons in possession regardless of how clearly they endanger the community." Id. at 97.

This Court agrees. To hold otherwise, merely because the statutory prohibition of section 922(g)(1) includes non-violent felons, would remove entirely any discretion on the part of a court to make a considered, fact-specific determination of whether detention is warranted, no matter how

violently disposed a convicted felon may be.[6]  This result seems to contravene the purposes expressed in commentary generated during the 1983 amendment of the Bail Reform Act:

> Many of the changes in the Bail Reform Act incorporated in this bill reflect the committee's determination that federal bail laws must address the alarming problem of crimes committed by persons on release and must give courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released.  The adoption of these changes makes a significant departure from the basic philosophy of the Bail Reform Act, which is that the sole purpose of the bail laws must be to assure the appearance of the defendant at judicial proceedings.

S. Rep. No. 98-225, at 3 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3186.  The Senate report continues, citing complaints regarding the prior version of the Act "as too liberally allowing release and as providing too little flexibility to judges in making appropriate release decisions regarding defendants who pose serious risks of flight or danger to the community."  S. Rep. No. 98-225, at 4 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3188.

This Court's holding that violation of 18 U.S.C. § 922(g)(1) constitutes a crime that creates a substantial risk of force against another's person or property does not mean that all individuals charged with that offense will, ultimately, be held pending trial.  If a defendant stands convicted of a felony which is typically considered to be non-violent and is charged with later possessing a firearm, ample opportunity remains for a judicial officer to determine that the defendant poses no danger to the community and may, therefore, be released pending trial.  A determination under section 3142(f) is only the beginning of a resolution of a defendant's detention status.  "Thus the hunter, target shooter, or gun collector [or felon convicted of a non-violent economic crime] will

---

[6]  This is assuming that a defendant does not fall within one of the other grounds for a detention hearing under § 3142(f).

presumably be released after the [detention] hearing, especially if his offense of conviction characteristically does not involve violence." Dillard, 214 F.3d at 96.

In light of Dillard, and the Tenth Circuit's reliance on Dillard in Rogers, the Court concludes that the magistrate judge erred in holding that the crime of felon in possession, in violation of 18 U.S.C. § 922(g)(1), is not a crime of violence within the meaning of the Bail Reform Act. This Court holds that violation of section 922(g)(1) constitutes a crime of violence under the Bail Reform Act, and that the United States is, therefore, entitled to a detention hearing in this matter.

**IT IS THEREFORE ORDERED** that the United States's Appeal of the Magistrate Judge's Order (Dkt. # 14) and Motion for Revocation of Release Order (Dkt. # 17) are hereby **granted**. A detention hearing pursuant to 18 U.S.C. § 3142 will be held before the magistrate judge to determine whether any condition or combinations of conditions will reasonably assure the requisite appearance of defendant and the safety of the community.

**DATED** this 19th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT